IN THE CRIMINAL DISTRICT COURT No. 1
OF TARRANT COUNTY, TEXAS

| | | |
|---|---|---|
| EX PART | § | CAUSE NUMBERS: C-1-010440-1193482- |
| | § | A; C-1-010441-1193483~A |
| | § | |
| | § | RECEIVED IN |
| | § | COURT OF CRIMINAL APPEALS |
| | § | |
| | § | OCT 19 2015 |
| | § | RETURNABLE TO THE COURT OF |
| | § | |
| REGINALD RAYSHARD ROBINSON | § | CRIMINAL APPEALS Abel Acosta, Clerk |

APPLICANT'S REPLY TO STATE'S FIRST AMENDED RESPONSE TO APPLICATION
FOR WRIT OF HABEAS CORPUS AND MOTION TO DISMISS THE APPLICATION AS
IT IS NOT PROPERLY VERIFIED

TO THE HONORABLE JUDGES OF SAID COURT:

COMES NOW, REGINALD RAYSHARD ROBINSON ("Applicant"), and submits this Reply to the State's response to Applicant's application(s) for writ of habeas corpus filed in the above numbered cause(s). Applicant respectfully states the following to the Court based on his information and belief:

1. HISTORY OF THESE COLLATERAL PROCEEDINGS:

On April 13, 2015, Applicant filed his application(s) for writ of habeas corpus alleging that Pia R. Lederman rendered ineffective assistance of counsel in preparation for and during Applicant's probation revocation hearing. This Court, following the State's recommendation, ordered Ms. Lederman to file an affidavit responding to each allegation raised by Applicant. On June 22, 2015, Ms. Lederman filed her affidavit.

On July 8, 2015, Applicant's Mother, Regina Robinson, hand delivered to all concerned Applicant's reply [and objections] to Ms. Lederman's affidavit. In his reply Applicant objected to Ms. Lederman's reference to and reliance on hearsay; Ms. Lederman's failure to adequately respond to Applicant's grounds One, Three, and Five, and Applicant replied to Ms. Lederman's attempt to argue, in her affidavit, that Applicant confessed to her prior to the

1

revocation hearing that he had sex with a sixteen year old girl, when in fact, at the hearing, Ms. Lederman established that Applicant said that he thought the girl looked sixteen, and Ms. Lederman established that, in reality, the girl probably didn't even exist.

Additionally, similarly, Applicant replied to Ms. Lederman's assertion, in her affidavt, that Applicant told her, prior to the revocation hearing, that he owned a cell phone with internet capabilities, despite the fact that Ms. Lederman argued that Applicant used to own a cell phone with internet capabilities (before he was placed on probation) but that he got rid of it.

On September 30, 2015, the State of Texas, through the office of the Tarrant County Criminal District Attorney, without substantively responding to Applicant's habeas claims, motioned to dismiss the Application(s) because they were not properly verified.

## 2. APPLICANT'S APPLICATIONS WERE PROPERLY VERIFIED:

Applicant notes, and the State acknowledges, that Applicant "signed" his habeas application(s). State's response at 5. Applicant's "signature" was meant to verify his application(s). Applicant further notes that the State habeas application is "one document," requiring "one signature." As acknowledged by the State, Applicant signed the application(s). Furthermore, because there are two(2) signature lines after the unsworn declaration, Applicant interpreted this to mean that he was required to sign one of them. In other words, it can not logically be construed that the instructions require redundancy. For the sake of argument, it is not uncommon for the jurat to be on one page and continue to the next with the verifying signature. Finally, Applicant has included an affidavit (swearing under penalty of perjury) indicating that he is taking criminal responsibility for the contents of his habeas application(s) (Exhibit "A" appended). Applicant would respectfully

2

point out to this Court the fact that the clerk filed Applicant's applications on April 13, 2015; tendered to the State copies of such and, instead of raising this issue at that time, the State submitted proposed designation of issues to this Court for approval, which this Court subsequently approved. In other words, it is a little late to be complaining that Applicant did not sufficiently verify his applications.

## 3. NECESSITY FOR AN EVIDENTIARY HEARING & EXPANSION OF THE RECORD:

To date Pia R. Lederman has not adequately responded to Applicant's allegations. This is important because the Attorney representing the State asserts that Ms. Lederman's affidavit is sufficient for the resolution of these habeas claims. The strong presumption of reasonable trial strategy must be applied to allegations of ineffective representation raised on direct appeal; however, in a collateral proceeding the attorney in question explains her strategy, the Court then gauges that strategy "under prevailing professional norms." This Court can not make such an assessment until Ms. Lederman tells the Court what her strategy was.

## 4. REQUESTED RELIEF:

Applicant respectfully request that this Honorable Court find that his signature on each application suffices for the purpose of verification, or that, alternatively, Applicant's affidavit (attached) is sufficient for verification purposes. Additionally, Applicant respectfully request that this Court conduct an evidentiary hearing in order to question Ms. Lederman about her strategy with regard to each allegation raised by Applicant, and that Applicant should be present, with counsel, in order to cross examine Ms. Lederman.

**WHEREFORE PREMISES CONSIDERED, Applicant PRAYS this Honorable Court grant the requested relief.**

3

Respectfully submitted,

Reginald Rayshard Robinson- Pro se

Date 10 / 8 /2015.

Mailing address:

Reginald Robinson #1789274
Price Daniel Unit
938 S. Fm 1673
Snyder, TX 79549

4

## AFFIDAVIT
(Declaration)

I, Reginald Rayshard Robinson, TDCJ number 1789274, being presently incarcerated at the TDCJ-ID Price Daniel Unit, located at 938 S. Fm 1673, Snyder, Texas 79549, declare under penalty of perjury, pursuant to Title Six, Chapter 132 of the Texas Civil Practice and Remedies, that the contents of my habeas corpus applications filed in cause number C-1-010440-1103482-A, and cause number C-1-010441-1193483-A, both applications filed with the Tarrant County, Texas, District Clerk on April 13, 2015, are true and correct (I accept criminal responsibility for the contents of said applications).

Signed on this the 8th day of October ,2015.

Applicant's Signature and TDCJ Number:

_Reginald R. R._ # 1789274 .

## CERTIFICATE OF SERVICE

I, Regina Robinson, certify that I have hand delivered copies of the above document to:

1. The Tarrant County District Clerk's office, on _Oct / 14 /2015;

2. The Tarrant County District Attorney's office, on _Oct / 14 /2015, and

3. Pia R. Lederman's office, on _Oct / 14 /2015.

Signature _Regina Robinson_

Mailing Address:
7320 Stonewall Road
Forest Hill, TX 76140